**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

<table>
<tr><td>

**INSTAG LLC**

                Plaintiff

     - v. -

**INSTAGRAM, LLC**

            Defendant

</td><td>

CIVIL ACTION NO. _____

JURY TRIAL REQUESTED

</td></tr>
</table>

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Instag LLC ("Instag") brings this complaint for declaratory relief against Defendant Instagram, LLC ("Instagram") and alleges in support thereof as follows:

## INTRODUCTION

Instag is a Connecticut limited liability company that owns and operates a website located at the Uniform Resource Locator ("URL") https://instag.com (the "Website"). The Website provides image-downloading and video-downloading services to its users. Within certain generous usage restrictions, these services are free to the public. The Website allows users to download individual electronic images, image galleries, video recordings, and similar digital media from virtually any image-hosting site as is expressly advertised on the Website (*see* https://instag.com/supported-sites/?lang=en). The Website is a so-called "universal downloader" that permits the downloading of publicly available video files, audio recordings, MP3 and MP4 files, and other images not protected by digital rights management tools such as access control technologies, a practice commonly referred to as "format-shifting." A user copies and pastes a URL link (to a supported website containing the content the user seeks to download) into the pertinent field on the Website, and the

Website then provides the user with a link to download the material.  Alternatively, a user can enter "instag.com/" into an internet browser's address bar and then the URL path of the desired media and thereby download and format-shift the chosen material in this fashion.

In connection with providing services through the Website, Instag makes use of the trademarks INSTAG.COM and INSTAG.  On or about January 16, 2025 and October 31, 2025, respectively, Instag filed applications to register the trademarks INSTAG.COM and INSTAG with the United States Patent and Trademark Office ("USPTO").  The applications seek to register the marks for use in connection with "Software as a service (SAAS) services featuring software for changing one computer format to another, downloading, and transferring image galleries and collections for personal archiving and backup; not for hosting, publishing, or broadcasting user content," and for "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections," respectively.

On or about November 3, 2025, Instagram, acting through counsel, sent a cease-and-desist letter to Instag claiming that the INSTAG.COM trademark infringes upon and dilutes Instagram's INSTAGRAM trademark, and demanding that Instag stop all use of this mark and withdraw the pending application to register the INSTAG.COM mark.  The letter also demands that Instag cease all use of the phrase or term INSTAG "in any form, including as part of a domain name, website, online service, or social media platform."  Instag thus faces a pressing, vital business decision, *i.e.*, whether to surrender and abandon its trademark rights and fundamentally change its business identity, or instead continue using its trademarks and prosecuting its trademark applications under the Damoclean threat of Instagram's enforcement activities.  This is precisely the dilemma intended to be remedied by the Declaratory Judgment Act.

By this action, Instag seeks a declaration that its INSTAG.COM and INSTAG trademarks do not infringe Instagram's INSTAGRAM trademark and do not dilute Instagram's INSTAGRAM trademark, and that by making use of its marks, Instag has not engaged in unfair competition in violation of the Lanham Act or other applicable law.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) (trademark disputes and claims concerning unfair competition), and 28 U.S.C. §§ 2201-2202 (Federal Declaratory Judgment Act).

2. Venue is appropriate with this Court pursuant to 28 U.S.C. § 1391(b).

3. Personal jurisdiction exists over the parties because Plaintiff is a duly-registered Connecticut entity and because Instagram intentionally directed its trademark enforcement demands toward Instag in this District, knowing that Instag is located and operates within such District.

4. An actual controversy exists within the meaning of Article III. The parties' dispute is definite and concrete, and it touches the legal relations of parties having adverse legal interests. Instagram's claims of trademark infringement and trademark dilution, its demands for abandonment of Instag's trademark applications and cessation of use of Instag's trademarks.

## THE PARTIES

5. Plaintiff Instag is a limited liability company organized under the laws of the State of Connecticut with its principal place of business at 122 Pine Knob Drive, South Windsor, CT 06074. Its main business is operating the Websites.

6. On information and belief, Defendant Instagram is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Menlo Park, CA.

3

## FACTS

7.     Instag has made commercial use of the trademarks INSTAG and INSTAG.COM in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services since about the time that the company was organized.

8.     The INSTAG.COM and INSTAG trademarks were first used in commerce by Instag's predecessor in interest at least as early as June 6, 2011.

9.     On or about January 16, 2025, Instag filed with the USPTO, on the actual-use basis, an application to register the trademark INSTAG.COM for use in connection with providing "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections," in International Class 42; in response to a request for further specificity from the assigned USPTO examiner, Instag subsequently has proposed to amend the application's identification of services to read as follows:  "Software as a service (SAAS) services featuring software for changing one computer format to another, downloading, and transferring image galleries and collections for personal archiving and backup; not for hosting, publishing, or broadcasting user content."  The application was assigned serial number 99003998 (the '998 Application).  A copy of the '998 Application is attached hereto as Exhibit 1.

10.     On or about October 31, 2025, Instag filed with the USPTO, on the actual-use basis, an application to register the trademark INSTAG for use in connection with providing "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections," in International Class 42; the application subsequently was assigned serial number 99473061 (the '061 Application).  A copy of the '061 Application is attached hereto as Exhibit 2.

11.    On or about November 3, 2025, Instagram sent a cease-and-desist letter to Instag, accusing Instag (wrongfully) of trademark infringement and of dilution of Instagram's INSTAGRAM mark and demanding that Instag withdraw the '998 Application and stop all use of the INSTAG.COM mark, and also stop all use of and not to apply to register the mark which is the subject of the '061 Application, INSTAG (the "Demand Letter").  A copy of the Demand Letter is attached hereto as Exhibit 3.

12.    The allegations, claims, and demands made in the Demand Letter are unfounded, inaccurate, overbroad, and have no basis in law or equity.

13.    The INSTAG.COM and INSTAG marks do not infringe on Instagram's INSTAGRAM mark and do not dilute Instagram's INSTAGRAM mark.

14.    There is no likelihood of confusion created or caused by the simultaneous commercial use of Instagram's mark and Instag's marks on the parties' respective goods and/or services.

15.    Instag's commercial use of the INSTAG.COM and INSTAG marks also does not dilute or otherwise damage Instagram's INSTAGRAM mark.

## COUNT I

### (DECLARATION OF NON-INFRINGEMENT OF TRADEMARK)

16.    Instag repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

17.    Based on the facts set forth in the foregoing allegations, an actual controversy now exists between Plaintiff Instag and Defendant Instagram regarding the issue of whether Instag's use and registration of the trademarks INSTAG.COM and INSTAG on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services infringes Instagram's rights in the

INSTAGRAM trademark.

18.     Absent a judicial resolution of this matter, Instag will be uncertain as to whether its continued use and registration of the INSTAG.COM and INSTAG marks will expose Instag to liability.

19.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Instag may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

## COUNT II

### (DECLARATION OF NON-DILUTION OF TRADEMARK)

20.     Instag repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

21.     Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between Instag and Instagram regarding the issue of whether Instag's use and registration of the INSTAG.COM and INSTAG trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services dilutes or damages Instagram's INSTAGRAM mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("FTDA"), or other applicable law.

22.     Absent a judicial resolution of this matter, Instag will be uncertain as to whether its continued use and registration of the INSTAG.COM and INSTAG marks will expose Instag to liability.

23.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Instag may determine its rights and duties under the FTDA or other applicable law and the facts of this case.

## COUNT III

### (DECLARATION OF NO UNFAIR COMPETITION)

24.     Instag repeats, realleges, and incorporates herein by reference all above paragraphs as if set forth fully herein.

25.     Based on the facts set forth in the foregoing allegations, an actual controversy has arisen and now exists between Instag and Instagram regarding the issue of whether Instag's use and registration of the INSTAG.COM and INSTAG trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services amounts to unfair competition under the Lanham Act or any other applicable law.

26.     Absent a resolution in this matter, Instag will be uncertain as to whether its continued use and registration of the INSTAG.COM and INSTAG marks will expose Instag to liability.

27.     Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Instag may determine its rights and duties under the Lanham Act or other applicable law and the facts of this case.

## **DEMAND AND PRAYER**

WHEREFORE, Plaintiff requests judgment as follows:

A.      A declaration of this Court that Instag's use of the trademarks INSTAG.COM and INSTAG on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services does not infringe Instagram's rights in the INSTAGRAM mark and that Instag is free to continue to use the INSTAG.COM and INSTAG trademarks on such services without restriction by Instagram;

B.      A declaration of this Court that Instag's use of the INSTAG.COM and INSTAG trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services does not dilute or otherwise damage Instag's rights in the INSTAGRAM mark and that Instag is free to continue to use the INSTAG.COM and INSTAG marks on such services without restriction by Instagram;

C.      A declaration of this Court that Instag's continued use of the INSTAG.COM and INSTAG trademarks on or in connection with providing Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections and similar services does not amount to unfair competition and that Instag is free to continue to use the INSTAG.COM and INSTAG marks on such services without restriction by Instagram;

D.      For all attorneys' fees and costs incurred in this suit by Instag to be paid to Instag by Instagram pursuant to 15 U.S.C. § 1117(a) and as otherwise permitted by law; and

E.      For such other and further civil and equitable relief as the Court may deem just and proper.

Dated this the 30th day of December, 2025.

Respectfully Submitted by,

THE PLAINTIFF,

By: ___/s/ David A. Ball_____
David A. Ball (Federal Bar No. ct10154)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: 203-337-4134
dball@cohenandwolf.com

Valentin Gurvits (MA Bar No. 643572)
Frank Scardino (MA Bar No. 703911)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
Telephone: 617-928-1804
Telephone: 617-928-1805
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com
*pro hac vice motions forthcoming*

# EXHIBIT #1

PTO- 1478
Approved for use through 08/31/2027. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Application, Principal Register

**Serial Number: 99003998**
**Filing Date: 01/16/2025**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 99003998 |
| **MARK INFORMATION** | |
| *MARK | InStag.com |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | InStag.com |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | InStag LLC |
| *MAILING ADDRESS | 122 Pine Knob Dr. |
| *CITY | South Windsor |
| *STATE (Required for U.S. applicants) | Connecticut |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 06074 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | limited liability company |
| STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | Connecticut |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 042 |
| *IDENTIFICATION | Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 05/03/2005 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/06/2011 |
| SPECIMEN FILE NAME(S) | |

| ORIGINAL PDF FILE | SPE0-731490230-2025011608 2904317152_._Specimen_1_r e_InStag.com.pdf |
|---|---|
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT18\IMAGEOUT 18\990\039\99003998\xml1\ APP0003.JPG |
| SPECIMEN DESCRIPTION | Screen images from Applicant's website displaying the applied-for mark in connection with the SaaS and Pricing |
| WEBPAGE URL | https://instag.com/ |
| WEBPAGE DATE OF ACCESS | 01/16/2025 |
| WEBPAGE URL | https://instag.com/pricing/?lang=en |
| WEBPAGE DATE OF ACCESS | 01/16/2025 |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Ethan Ung |
| ATTORNEY DOCKET NUMBER | 100445.2 |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Updike, Kelly & Spellacy PC |
| STREET | 225 Asylum Street, 20th Fl |
| CITY | Hartford |
| STATE | Connecticut |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 06103 |
| PHONE | 860-548-2600 |
| EMAIL ADDRESS | eung@uks.com |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | Ethan Ung |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | eung@uks.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | john@nader.mx; ethan.j.ung@outlook.com; trademark@uks.com |

## FEE INFORMATION

| | |
|---|---|
| APPLICATION FILING OPTION | TEAS Standard |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 350 |
| *TOTAL FEES DUE | 350 |
| *TOTAL FEES PAID | 350 |

## SIGNATURE INFORMATION

| | |
|---|---|
| SIGNATURE | /johnathan nader/ |
| SIGNATORY'S NAME | Johnathan Nader |
| SIGNATORY'S POSITION | Co-Founder |

| SIGNATORY'S PHONE NUMBER | 860-548-2600 |
| --- | --- |
| DATE SIGNED | 01/16/2025 |
| SIGNATURE METHOD | Sent to third party for signature |

PTO- 1478
Approved for use through 06/31/2027. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Trademark/Service Mark Application, Principal Register

**Serial Number: 99003998**
**Filing Date: 01/16/2025**

## To the Commissioner for Trademarks:

**MARK:** InStag.com (Standard Characters, see mark)
The literal element of the mark consists of InStag.com. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, InStag LLC, a limited liability company legally organized under the laws of Connecticut, having an address of

    122 Pine Knob Dr.
    South Windsor, Connecticut 06074
    United States
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 042: Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections

In International Class 042, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 05/03/2005, and first used in commerce at least as early as 06/06/2011, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Screen images from Applicant's website displaying the applied-for mark in connection with the SaaS and Pricing.

**Original PDF file:**
SPE0-731490230-2025011608 2904317152_._Specimen_1_r e_InStag.com.pdf
**Converted PDF file(s)** (1 page)
Specimen File1
Webpage URL: https://instag.com/
Webpage Date of Access: 01/16/2025
Webpage URL: https://instag.com/pricing/?lang=en
Webpage Date of Access: 01/16/2025

The owner's/holder's proposed attorney information: Ethan Ung. Ethan Ung of Updike, Kelly & Spellacy PC, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

    225 Asylum Street, 20th Fl
    Hartford, Connecticut 06103
    United States
    860-548-2600(phone)
    eung@uks.com

The docket/reference number is 100445.2.
Ethan Ung submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:

    Ethan Ung
    PRIMARY EMAIL FOR CORRESPONDENCE: eung@uks.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): john@nader.mx; ethan.j.ung@outlook.com; trademark@uks.com

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and

the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $350 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**
**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /johnathan nader/  Date: 01/16/2025
Signatory's Name: Johnathan Nader
Signatory's Position: Co-Founder
Signatory's Phone Number: 860-548-2600
Signature method: Sent to third party for signature
Payment Sale Number: 99003998
Payment Accounting Date: 01/16/2025

Serial Number: 99003998
Internet Transmission Date: Thu Jan 16 22:18:18 ET 2025
TEAS Stamp: USPTO/BAS-XX.XXX.X.XXX-20250116221819721
338-99003998-880ecca2c415efb204ffbb697e3
b8c17abf2ecc582fc5c8c06b685713f5d61bb1a0
-CC-18185110-20250116082904317152

# InStag.com

URL: InStag.com - Download Video, Reels, and More - SaaS Downloader

Date Access: January 16, 2025



URL: Pricing - InStag.com



# EXHIBIT #2

**Trademark/service mark application, Principal Register**
Serial number: 99473061
Mark: Instag
Mark format: Standard character
Filing date: October 31, 2025 at 12:29:27 PM ET
Docket number: 100445.2
Owner name: Instag LLC
Amount paid: $ 350 (1 class)

# Trademark details

**Mark**
INSTAG

**Mark Format**

**Standard character**
The mark consists of standard characters, without claim to any particular font style, size, or color.

# Owner information

| | |
|---|---|
| *Name | Instag LLC |
| Entity type | Limited liability company |
| Place of organization/citizenship | Connecticut |
| **Mailing address information** | |
| *Address line 1 | 122 Pine Knob Dr. |
| *City | South Windsor |
| *State/territory | Connecticut |
| *Zip/postal code | 06074 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | ******* |
| Primary telephone number | (860) 548-2600 |
| **Domicile address information** | |

The mailing address is the same as the owner's domicile address.

# Goods and services

## Filing basis information

Section 1(a)

## Identification of goods and services

**International Class 042**
Filing basis: Section 1(a)
Software as a service (SAAS) services featuring software for **format-shifting, downloading, and transferring image galleries and collections**

**Specimen Information**

| | |
|---|---|
| First use anywhere date | At least as early as 05/03/2005 |
| First use in commerce date | At least as early as 06/06/2011 |
| Specimen file name | Instag Specimen v1.pdf |
| URL | https://instag.com/?lang=en |
| Date of access | 10/31/2025 |
| Description | Screen images from Applicant's website displaying the applied-for mark in connection with the SaaS and pricing |

# Additional statements

| | |
|---|---|
| Translation (if applicable) | |
| Transliteration (if applicable) | |
| Consent (name/likeness) (if applicable) | |
| Claim of ownership of active prior registrations(s) (if applicable) | |
| Section 2(f) Claim of acquired distinctiveness (if applicable) | |
| Additional statements including use of the mark in another | |

| | |
|---|---|
| form (if applicable) | |
| Significance of mark | |
| Disclaimer | |

## Attorney information

### Attorney name and address

| | |
|---|---|
| *Name | Ethan Ung |
| Law firm | Updike Kelly & Spellacy PC |
| *Address line 1 | 225 Asylum St. |
| *City | Hartford |
| *State/territory | Connecticut |
| *Zip/postal code | 06103 |
| *Country/region/jurisdiction/territory | United States |
| *Email address | eung@uks.com |
| Primary telephone number | (860) 548-2600 |
| Extension | None specified. |

### Attorney registration information

| | |
|---|---|
| *Bar membership or registration number | ******* |
| *Jurisdiction | ******* |
| *Year of admission | ******* |

Statement of good standing

The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state or commonwealth, the District of Columbia, or any U.S. territory.

Docket or reference number

100445.2

## Correspondence information

| | |
|---|---|
| *Correspondence name | Ethan Ung |
| *Primary correspondence email address | eung@uks.com |
| Docket or reference number | 100445.2 |
| Courtesy copy email addresses | trademark@uks.com; ethan.j.ung@outlook.com; hello@instag.com |

## Fee information

| | |
|---|---|
| Application filing option | Trademark/service mark application, Principal Register |
| Number of classes | 1 |
| Base application fee, per class | $ 350 |
| Total fees paid | $ 350 |

## Declaration and signature

### Declaration

[ X ] Basis:

If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

And/or

If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

[ X ] To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

[ X ] To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

[ X ] The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

| | |
|---|---|
| Electronic Signature | /johnathan nader/ |
| Signatory's name | Johnathan Nader |
| Signatory's position | Founder |
| Date signed | 10/31/2025 |
| Signature method | Electronic signature emailed to third party |

STAMP:USPTO/APPB-**.***.*.***-20251031122927580-99473061-17.1-1f0447d4-d809-4db5-a945-211159f39351-CARD-20251031113722902710

Instag

URL: https://instag.com/
Date Accessed: 10/31/2025





URL: https://instag.com/pricing/?lang=en
Date Accessed: 10/31/2025



# EXHIBIT #3

De: **Gaitan, Daniel** <DGaitan@ktslaw.com>
Date: lun, 3 de nov de 2025, 1:13 a.m.
Subject: Re: U.S. Trademark Application for INSTAG.COM (Appl. No. 99003998) in Cls. 42
[1512455.1]
To: eung@uks.com <eung@uks.com>, hello@instag.com <hello@instag.com>,
ethan.j.ung@outlook.com <ethan.j.ung@outlook.com>, trademark@uks.com
<trademark@uks.com>
Cc: 1512455 - US: POSS. OPP. V. INSTAG LLC_T...
<1512455.eml.townsend@wcs.kilpatricktownsend.com>, Zimmermann, Kollin
<kzimmermann@ktslaw.com>, Joachimsthaler, Sara <SJoachimsthaler@ktslaw.com>,
Albertson, Annie <AAlbertson@ktslaw.com>, Min, YeWon <YMin@ktslaw.com>, Lobo,
Ricardo <rlobo@ktslaw.com>, WorldDocket <WorldDocket@ktslaw.com>


*VIA EMAIL:*  eung@uks.com hello@instag.com ethan.j.ung@outlook.com trademark@uks.com

Ethan Ung
Updike, Kelly & Spellacy PC
225 Asylum Street, 20th Fl
Hartford, CONNECTICUT United States 06103

**Re:       U.S. Trademark Application for INSTAG.COM (Appl. No. 99003998) in Cls. 42**

Dear Counsel:

We represent Instagram, LLC ("Instagram"), the world-famous photo/video sharing and editing
service, software application, and social network.  We have been entrusted by our client to keep
an eye out for anything that might create confusion with its registered trademarks.

It has recently come to our attention that your client Instag LLC has filed a trademark application
in the United States for the mark INSTAG.COM (the "INSTAG mark") (Application No.
99003998) covering the following services in International Class 42:

*Software as a service (SaaS) services featuring software for changing one computer format to
another, downloading, and transferring image galleries and collections for personal archiving
and backup; not for hosting, publishing, or broadcasting user content*

(the "INSTAG Application").

Your client's trademark application for, and use of, the INSTAG mark are a concern to Instagram
for the reasons detailed below.

As you likely know, Instagram owns exclusive rights to the INSTAGRAM mark, including rights
secured through various common law uses and trademark registrations in the United States and
internationally.  Over 2 billion people worldwide use the Instagram service each month,

uploading and sharing more than 80 million images and videos per day. The INSTAGRAM mark is therefore well-known throughout the world and entitled to broad legal protection.

As a responsible brand owner, Instagram must proactively monitor for marks that may create a likelihood of confusion with the INSTAGRAM mark. For example, many third parties have chosen names that utilize familiar Instagram branding elements (e.g., designs, fonts, stylization, colors, etc.) and/or incorporate the terms "INSTA" or "GRAM" into their brand names for use in connection with photography/video and online networking products or services, or for products or services that are complementary to those offered by Instagram. Where such marks appear to reference Instagram, or to use those terms or design elements to create a mental association with Instagram or its services, they are confusingly similar to the famous INSTAGRAM mark.

We note that your client has incorporated the term "INSTA(G)" as part of its INSTAG mark, under which it is offering services that are plainly complementary to those provided by Instagram. In fact, the United States Patent and Trademark Office ("USPTO") has already issued an Office Action dated July 9, 2025, refusing registration of the INSTAG mark on the ground of a likelihood of confusion with Instagram's registered marks. Your client recently responded to that refusal, asserting that the marks purportedly create different commercial impressions and that the shared prefix "INSTA" should not result in confusion.

That position is inconsistent with both marketplace reality and established trademark law. The term "INSTAG" is not an independent word or concept; it is a deliberate truncation of the famous INSTAGRAM mark, chosen specifically to evoke and reference it. Your client's own website at instag.com confirms this association. The site exclusively promotes tools targeting Instagram content — "Instagram Photo Downloader," "Instagram Reels Downloader," "Instagram IGTV Downloader," "Instagram Profile Viewer," and other Instagram-specific utilities. It is evident that your client intended the term "INSTAG" as a shorthand for "Instagram," particularly given the instruction to users to remove "RAM" from an Instagram.com URL to access your client's service. *See* screenshots below. This conduct leaves no doubt that "INSTAG" was adopted to trade on the goodwill and recognition of the INSTAGRAM mark.











Further, we are aware that your client has engaged in a broader pattern of registering domain names and marks that deliberately reference or truncate the names of globally recognized brands. In addition to INSTAG.COM, your client, via a related entity, has also filed a U.S. trademark application to register the mark "FACEB" (Appl. No. 99154889), corresponding to its operation of faceb.com, and also operates xtwitt.com and tikt.com, names that unmistakably allude to Facebook, X (formerly Twitter), and TikTok, respectively. While we do not represent the X and TikTok brands, your client's pattern of conduct underscores a consistent strategy of capturing brand-identifiable names and leveraging their fame to attract Internet traffic. This pattern of behavior evidences an intent to trade on the goodwill of established marks and weighs heavily against any claim of good-faith adoption.

Based on the foregoing, your client's INSTAG mark is a deliberate reference to Instagram, and is likely to create the mistaken impression that your client is endorsed by or affiliated with Instagram.

Accordingly, we hereby request that your client:

1. Promptly and expressly abandon its U.S. trademark application for INSTAG.COM (Appl. No. 99003998) and provide proof of filing the abandonment by **November 12, 2025**;

2. Immediately cease all use of "INSTAG" in any form, including as part of a domain name, website, online service, or social media platform; and

3. Agree not to use or apply to register anywhere in the future, any marks that incorporate the components of the INSTAGRAM mark ("INSTA" or "GRAM"), or any other Instagram logos, designs, or branding elements such as "IG", including without limitation the INSTAG mark in all forms, in a manner that would be confusingly similar to or dilutive of Instagram's marks.

We certainly hope to resolve this matter with your client amicably and without the need for legal proceedings.  To that end, we would appreciate hearing from you by **November 10, 2025**, confirming your client's intent to comply with the above requests.  Please feel free to contact me directly by email or phone at your earliest convenience.

This letter is without prejudice to any and all rights of Instagram, all of which are expressly reserved.

Best Regards,

Daniel Gaitan



Daniel Gaitan
DGaitan@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1801 Century Park East | Suite 2300 | Los Angeles, CA 90067
**T** 310 310 7014 | **M** 310 600 7569 | **F** 310 734 1757
My Profile | vCard

'

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'











