**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| INSTAG LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>INSTAGRAM, LLC,<br><br>   Defendant | Case No.: 3:25-cv-02176-KAD<br><br><br>April 27, 2026 |

### DEFENDANT INSTAGRAM, LLC'S ANSWER AND COUNTERCLAIMS

Defendant Instagram, LLC ("Instagram") hereby files its Answer and Counterclaims to the Complaint (Dkt. No. 1, the "Complaint") filed by Plaintiff Instag LLC ("Instag" or "Plaintiff").

### ANSWER

In response to Instag's Complaint, Instagram answers as follows. Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Instagram denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below and further states that narratives outside of numbered allegations, such as the "Introduction," do not require a response, and to the extent a response is required, Meta denies such allegations. Instagram further denies that Instag is entitled to the requested relief or any other relief.

### JURISDICTION AND VENUE

1. Instagram admits that jurisdiction is proper for this Action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b), which confer jurisdiction over trademark disputes and

1

claims concerning unfair competition, as well as under 28 U.S.C. §§ 2201–2202, the Federal Declaratory Judgment Act, but denies that Instag is entitled to any relief.

2. Instagram responds that Paragraph 2 calls for a legal conclusion and therefore no response is required, but Instagram further states that it is not contesting venue in this specific action in light of its asserted counterclaims. Instagram denies any remaining allegations to the extent any response is required.

3. Instagram responds that Paragraph 3 calls for a legal conclusion and therefore no response is required, but Instagram further states that it is not contesting personal jurisdiction in this specific action in light of its asserted counterclaims. Instagram denies any remaining allegations to the extent any response is required.

4. Instagram admits that an actual controversy exists within the meaning of Article III of the United States Constitution but denies that Instag is entitled to any relief.

## THE PARTIES

5. Instagram lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. Instagram admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California.  Except as expressly admitted, Instagram denies any remaining allegations in Paragraph 6.

## FACTS

7. Instagram lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. Instagram lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.      Instagram admits that Instag is the applicant listed by the United States Patent and Trademark Office for Trademark Application No. 99003998 for INSTAG.COM, which was filed on January 16, 2025, and is currently classified in International Class 42 for "Software as a service (SAAS) services featuring software for changing one computer format to another, downloading, and transferring image galleries and collections for personal archiving and backup; not for hosting, publishing, or broadcasting user content." Instagram further admits that the INSTAG.COM application was originally classified in International Class 42 for "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections." Instagram admits that plaintiff's Exhibit 1 is a document purporting to be Trademark Application Serial No. 99003998. Instagram denies the remaining allegations in Paragraph 9.

10.      Instagram admits that Instag is the applicant listed by the United States Patent and Trademark Office for Trademark Application No. 99473061 for INSTAG, which was filed on October 31, 2025, and is currently classified in International Class 42 for "Software as a service (SAAS) services featuring software for format-shifting, downloading, and transferring image galleries and collections." Instagram admits that plaintiff's Exhibit 2 is a document purporting to be Trademark Application Serial No. 99473061. Instagram denies the remaining allegations in Paragraph 10.

11.      Instagram admits that, on November 3, 2025, Instagram sent a letter to Instag informing it of potential issues with respect to its application and use of the INSTAG and INSTAG.COM marks. Instagram further admits that plaintiff's Exhibit 3 purports to be a copy of that letter, which speaks for itself. Instagram denies the remaining allegations in Paragraph 11.

12.      Instagram denies the allegations in Paragraph 12.

13.    Instagram denies the allegations in Paragraph 13.

14.    Instagram denies the allegations in Paragraph 14.

15.    Instagram denies the allegations in Paragraph 15.

## INSTAG'S CLAIMS FOR RELIEF

### COUNT I

### (DECLARATION OF NON-INFRINGEMENT OF TRADEMARK)

16.    In response to Paragraph 16, Instagram repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 15.

17.    Instagram admits that an actual controversy exists between the parties but denies that Instag is entitled to a declaration of non-infringement.

18.    Instagram admits that Instag seeks a declaratory judgment regarding the issues raised in this paragraph but denies that Instag is entitled to such relief.

19.    Instagram admits that Instag seeks a declaratory judgment regarding the issues raised in this paragraph but denies that Instag is entitled to such relief.

### COUNT II

### (DECLARATION OF NON-DILUTION OF TRADEMARK)

20.    In response to Paragraph 20, Instagram repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 19.

21.    Instagram admits that an actual controversy exists between the parties but denies that Instag is entitled to a declaration of non-dilution under 15 U.S.C. § 1125(c), or under any other applicable law.

22.    Instagram admits that Instag seeks a declaratory judgment regarding the issues raised in this paragraph but denies that Instag is entitled to such relief.

23.    Instagram admits that Instag seeks a declaratory judgment regarding the issues raised in this paragraph but denies that Instag is entitled to such relief.

## COUNT III

## (DECLARATION OF NO UNFAIR COMPETITION)

24.    In response to Paragraph 24, Instagram repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 23.

25.    Instagram admits that an actual controversy exists between the parties but denies that Instag is entitled to a declaration of no unfair competition under the Lanham Act or any other applicable law.

26.    Instagram admits that Instag seeks a declaratory judgment regarding the issues raised in this paragraph, but denies that Instag is entitled to such relief.

27.    Instagram admits that Instag seeks a declaratory judgment regarding the issues raised in this paragraph, but denies that Instag is entitled to such relief.

## PRAYER FOR RELIEF

Instagram denies that Instag is entitled to any of the relief enumerated in the Complaint. Instagram denies all allegations in the Complaint not expressly admitted. Instag's prayer should be denied in its entirety and with prejudice. Instag should take nothing from Instagram, this case should be deemed exceptional under the Lanham Act, 15 U.S.C. § 1117, and Instagram should be awarded its attorneys' fees and costs, as well as such other and further relief as the Court may deem fair and equitable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim on which relief may be granted.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Instagram, LLC ("Instagram"), by and through undersigned counsel, asserts the following counterclaims against Plaintiff/Counterclaim-Defendant Instag LLC ("Instag"):

## PARTIES

1.      Instagram is a Delaware limited liability company with its principal place of business at Menlo Park, California 94025.

2.      Based on Instag's allegations in its Complaint, Instag is a limited liability company organized under the laws of the State of Connecticut with its principal place of business at 122 Pine Knob Drive, South Windsor, CT 06074.

## JURISDICTION AND VENUE

3.      Instagram's first, second, third, seventh and eighth counterclaims arise under the Lanham Act. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act), and 15 U.S.C. § 1125(d) (cyberpiracy). This Court has supplemental jurisdiction over the related state-law counterclaims for trademark infringement and unfair competition pursuant to 28 U.S.C. § 1367.

4.      Instag is subject to personal jurisdiction in this Court because it is domiciled in Connecticut, having Connecticut as its place of incorporation, and as a result of filing its Complaint here.

5.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because Instag resides in this judicial district and because a substantial part of Instag's infringing activities giving rise to Instagram's claims occurred in this judicial district.

## BACKGROUND

### The INSTAGRAM Mark

6.      Instagram is the owner of Instagram, the world-famous photo and video sharing and editing service, software application, and social networking platform launched in October 2010. Instagram has enabled users to share their lives with friends and followers through photos and videos and to discover images and content shared by others from around the world. Users also utilize Instagram to, among other things, promote their products and services through images and other content, exchange text and voice messages, and make video calls.

7.      Instagram designates its products and services with the mark INSTAGRAM. Instagram has continuously used its INSTAGRAM mark since 2010 to distinguish its products and services. Instagram owns U.S. registrations and applications for its INSTAGRAM mark, including the following:

| Trademark | Reg. No. | Reg. Date | First Use Date |
|---|---|---|---|
| INSTAGRAM | 4,146,057 | 5/22/2012 | 10/6/2010 |
| INSTAGRAM | 4,756,754 | 6/16/2015 | 11/1/2013 |
| *Instagram* | 4,795,634 | 8/18/2015 | 5/13/2013 |
| INSTAGRAM | 4,822,600 | 9/29/2015 | 10/6/2010 |
| INSTAGRAM | 4,827,509 | 10/6/2015 | 10/6/2010 |
| INSTAGRAM | 4,856,047 | 11/17/2015 | 10/6/2010 |
| INSTAGRAM | 4,863,594 | 12/1/2015 | 10/6/2010 |
| INSTAGRAM | 4,863,595 | 12/1/2015 | 10/6/2010 |
| *Instagram* | 5,019,151 | 8/9/2016 | 11/01/2013 |
| INSTAGRAM | 5,566,030 | 9/18/2018 | 11/5/2012 |
| INSTAGRAM | 5,869,731 | 9/24/2019 | 3/19/2019 |

The INSTAGRAM mark, which is covered by the foregoing registrations, is referred to herein as

the "INSTAGRAM Mark." Copies of these registration certificates are attached to this Complaint as **Exhibit A**, all of which are incontestable.

8. The INSTAGRAM Mark is highly distinctive with regard to all of Instagram's goods and services in connection with which the mark is used, including all goods and services listed in the Registrations.

9. Instagram has created considerable goodwill and a reputation for quality offerings through its (a) widespread use of the INSTAGRAM Mark; (b) investment in and large distribution of its INSTAGRAM-branded products and services through online and app-based platforms; (c) extensive and continuous media coverage of the INSTAGRAM Mark and INSTAGRAM-branded goods and services; and (d) efforts to foster and connect with its large number of users and communities.

10. The INSTAGRAM Mark's rise to fame began immediately upon its October 2010 launch. Within months, the Instagram platform reached 1 million users, and in December 2011, Apple Inc. named Instagram its "iPhone App of the Year." In April of 2012, Facebook announced that it had agreed to purchase Instagram.

11. Public awareness of the INSTAGRAM Mark accelerated in the years that followed, with Instagram reaching 100 million monthly active users by 2013, 500 million by mid-2016, 700 million by April 2017, 1 billion by June 2018, 2 billion by October 2022, and an estimated 3 billion monthly active users by September 2025.

12. In keeping with this unprecedented success, the INSTAGRAM Mark also received extensive unsolicited media coverage and became a household name in the United States during that time period.

13. The INSTAGRAM Mark is valid and protectable, and exclusively owned by

Instagram. The INSTAGRAM Mark is famous and recognized around the world and throughout the United States by consumers as signifying high quality, authentic products and services provided by Instagram. The INSTAGRAM Mark is a coined term with no other meaning and is therefore inherently distinctive, conceptually strong, and entitled to a wide scope of protection.

14. The INSTAGRAM Mark became famous in the United States before Instag began use in commerce of Instag's infringing INSTAG.COM and INSTAG marks. And to the extent Instag claims rights in those marks from a predecessor-in-interest, on information and belief, the predecessor(s) did not use the INSTAG.COM or INSTAG marks in a manner similar to Instag or in a manner that conveyed a similar commercial impression to consumers, such that they are not the same marks.

**Defendant's Infringing Activities**

15. Instag owns and operates the domain name <Instag.com> (the "Infringing Domain") which resolves to a website through which Instag provides image- and video-downloading services to users (the "Infringing Website"). Without authorization from Instagram, Instag has branded these services with its INSTAG.COM and INSTAG marks (the "Infringing Marks").

16. On information and belief, Instag is owned and operated by an individual named Johnathan Nader ("Mr. Nader") (also known as John Nader). The Website itself states at the bottom "made by nadermx," which hyperlinks to https://john.nader.mx/?lang=en. That site identifies "John Nader" as a "Software Developer."

17. On information and belief, Instag first registered the Infringing Domain on or around November 11, 2024.

18. On information and belief, the Infringing Domain first resolved to a website

through which Instag provided image- and video-downloading services to users on or around December 5, 2024.

19.    On information and belief, Instag and/or Mr. Nader first used the Infringing Marks in commerce on or around December 5, 2024.

20.    On information and belief, Instag and Mr. Nader selected the Infringing Marks in an attempt to create an association with Instagram and the INSTAGRAM Mark, and to, through consumer confusion, capitalize on the enormous goodwill Instagram has created in the INSTAGRAM Mark.

21.    For example, for the page title of the Infringing Website, Instag wrote: "Download Instagram Video, Reels – Instagram Downloader . . . ." Page titles appear as the text of internet browser tabs and on internet search engine results pages.

22.    Instag's and Mr. Nader's bad-faith intent to capitalize on confusion with the INSTAGRAM Mark is also evidenced by Instag's many references to the INSTAGRAM Mark and other Instagram features like Reels and IGTV throughout the homepage of the Infringing Website, as shown in the below screen capture dated December 8, 2024 (*see* **Exhibit B**):



23.    Instag even used the homepage of the Infringing Website to show users how the Infringing Marks were created by "[s]imply remov[ing] RAM from the URL" <Instagram.com>,

as shown in the below screen capture dated December 8, 2024:



24.    Instag's and Mr. Nader's bad-faith intent to capitalize on confusion with the

INSTAGRAM Mark is further evidenced by the Infringing Website's current use. For example,

the page title for the Website includes the phrase "Instagram Audio Downloader," and the site

deliberately emphasizes "Instagram" within the text—including by bolding "Instagram." These

uses remain publicly accessible as of April 24, 2026 (*see* **Exhibit C**).



25.    As further evidence of Instag's and Mr. Nader's bad-faith intent, Mr. Nader

operates additional websites with domain names formed, on information and belief, by

shortening the names of well-known brands, including Faceb.com (referencing Facebook),

Pintere.com (Pinterest), Xtwitt.com (X, formerly known as Twitter), Yout.com (YouTube), and

Titkt.com (TikTok). These websites are promoted through Mr. Nader's personal website https://john.nader.mx/?lang=en, as shown below:



26.      On information and belief, Instag is attempting to profit from, and has already unjustly profited from, its infringement and dilution of the INSTAGRAM Mark. Instag offers its infringing services through paid subscription tiers, including a "Daypass" priced at $7.99 for one-time access, $11.99 per month, and $107.91 annually.

27.      On information and belief, Instag also operates a monetized, usage-based model for its services through an application programming interface ("API"), whereby users are required to purchase credits in bulk (e.g., 500 credits for $5.00), and each use of the service— such as a "format shift"—consumes one credit (as shown below). On information and belief, Instag charges users on a per-use basis, thereby deriving revenue directly from each interaction with its services, including those tied to Instagram content.



28.    On July 9, 2025, the United States Patent & Trademark Office ("USPTO") issued a Non-Final Office Action refusing registration of Instag's INSTAG.COM mark (App. Ser. No. 99003998, the "INSTAG.COM Application"), noting that "Applicant's specimens further indicate the mark is intended to resemble and be used with INSTAGRAM services."

29.    On information and belief, Instag modified the Infringing Website and captured a new application specimen that was intended to obscure Instag's intent to create an association, and cause confusion, with the INSTAGRAM Mark. Instag submitted this revised specimen to the USPTO on October 7, 2025, and on the same day submitted a written response to the USPTO "withdraw[ing] any prior marketing language."

30.    On November 3, 2025, Instagram sent a letter to Instag (the "Letter"), informing it of issues with respect to its application and use of the Infringing Marks.

31.    On January 8, 2026, the USPTO issued a Final Office Action refusing registration of Instag's INSTAG.COM mark due to a likelihood of consumer confusion with the INSTAGRAM Mark, finding that "applicant's specimens indicate the mark is intended to resemble and be used with INSTAGRAM services, noting that users only need delete the web address characters 'RAM' to access applicant's services from [Instagram's] URL address." The USPTO also noted that the Infringing Website "further suggests that applicant's mark was created to be similar to INSTAGRAM marks."

32.     Instag also applied to register the mark INSTAG on October 31, 2025 (App. Serial No. 99473061, the "INSTAG Application," and together with the INSTAG.COM Application, the "Infringing Applications").

33.     Notwithstanding the office actions from the USPTO and the Letter from Instagram, Instag continues to use the Infringing Marks with the intent to cause consumer confusion and association with Instagram or the INSTAGRAM Mark. Attached as **Exhibit C** are captures from the Infringing Websites dated April 24, 2026.

34.     The services that Instag offers under the Infringing Marks directly overlap with, or are complementary to, the services Instagram offers under the INSTAGRAM Mark and those described in the Registrations, as the Infringing Website instructs users how to download pictures, videos, and Reels from Instagram and other websites. The Infringing Website even includes pages titled "Instagram Video Downloader," "Instagram Photo Downloader," "Instagram Reels Downloader," and "Instagram Profile Viewer," as shown in the capture below. Upon clicking these page titles, these pages repeatedly reference Instagram and direct users to input Instagram URLs to obtain such content.

## Start Downloading Videos Online

| Instagram Video Saver | Instagram Audio Saver | Instagram MP4 Saver | Instagram MP3 Saver |
|---|---|---|---|
| Instagram Photo Saver | Instagram GIF Saver | Instagram Reels Downloader | Instagram Profile Viewer |

35.     As a result, Instag's use of the Infringing Marks is likely to create an association between Instag and the Infringing Marks, on one hand, and Instagram and the INSTAGRAM Mark, on the other, thus diluting, weakening, and blurring the uniqueness and distinctiveness of the famous INSTAGRAM Mark. Instag's use is also likely to cause consumer confusion as to the

14

source, sponsorship, authorization, or affiliation of the parties' respective goods and services.

## FIRST COUNTERCLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114)

36.     Instagram repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

37.     Instagram is the sole and exclusive owner of the INSTAGRAM Mark.

38.     Instagram owns federal trademark registrations for the INSTAGRAM Mark, including those identified in Exhibit A, which are valid, subsisting, and incontestable.

39.     Instag has used and continues to use the Infringing Marks in commerce without Instagram's authorization in connection with Instag's goods and services, which are highly similar to the goods and services provided by Instagram and described in the Registrations.

40.     Instag's use of the Infringing Marks is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Instag's goods and services.

41.     On information and belief, Instag's infringement has been and continues to be willful and in bad faith.

42.     Instag's conduct has caused and, unless enjoined by this Court, will continue to cause injury and irreparable harm to Instagram and to Instagram's goodwill in the INSTAGRAM Mark.

43.     Instagram therefore is entitled to injunctive relief and to recover Instag's profits from its infringement, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND COUNTERCLAIM

## FEDERAL UNFAIR COMPETITION

## (15 U.S.C. § 1125(a))

44.     Instagram repeats and incorporates by reference the allegations in the preceding paragraphs.

45.     The Infringing Marks are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Instag's goods and services are offered and rendered by Instagram, or that Instag's goods and services are affiliated, connected, or associated with Instagram, or have Instagram's sponsorship, endorsement, or approval.

46.     Instagram therefore is entitled to injunctive relief and to recover Instag's profits from its unlawful conduct, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## THIRD COUNTERCLAIM

## FEDERAL TRADEMARK DILUTION BY BLURRING

## (15 U.S.C. § 1125(c))

47.     Instagram repeats and incorporates by reference the allegations in the preceding paragraphs.

48.     Since at least October 2010, Instagram has exclusively and continuously promoted and used the INSTAGRAM Mark in the United States. The INSTAGRAM Mark became famous and well-known symbols of Instagram and its goods and services among the general consuming public in the United States well before Instag began using the Infringing Marks in commerce.

49.     Instag's use of the Infringing Marks in commerce, after the INSTAGRAM Mark

16

became famous, dilutes and is likely to dilute the distinctiveness of Instagram's famous INSTAGRAM Mark by blurring, including by weakening the uniqueness of the INSTAGRAM Mark in the minds of consumers.

50.    On information and belief, Instag's conduct has been and continues to be willful and in bad faith, with the intent to cause a mistaken association with Instagram.

51.    Instagram therefore is entitled to injunctive relief and to Instag's profits from its unlawful conduct, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH COUNTERCLAIM

## COMMON LAW TRADEMARK INFRINGEMENT

52.    Instagram repeats and incorporates by reference the allegations in the preceding paragraphs.

53.    Instagram is the sole and exclusive owner of the INSTAGRAM Mark, including through its use in commerce of that mark in Connecticut—use which began well before Instag's use of the Infringing Marks.

54.    Instag has used and continues to use the Infringing Marks in commerce, including in Connecticut, without Instagram's authorization in connection with Instag's goods and services, which directly compete with Instagram and are highly similar to the goods and services offered by Instagram.

55.    Instag's use of the Infringing Marks is likely to cause confusion, mistake, or deception among consumers, including those in Connecticut, as to the source, sponsorship, affiliation, or approval of Instag's goods and services.

56.    On information and belief, Instag's infringement has been and continues to be

willful, wanton, and in bad faith.

57.     Instag's conduct has caused and, unless enjoined by this Court, will continue to cause injury and irreparable harm to Instagram and to Instagram's goodwill in the INSTAGRAM Mark.

58.     Accordingly, Instagram is entitled to injunctive relief, actual damages, punitive damages, and costs under Connecticut common law governing trademark infringement.

### FIFTH COUNTERCLAIM

### UNFAIR COMPETITION IN VIOLATION OF COMMON LAW

59.     Instagram repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

60.     Instagram is the sole and exclusive owner of the INSTAGRAM Mark, including through its use in commerce of that mark in Connecticut—use which began well before Instag's use of the Infringing Marks.

61.     Instag has used and continues to use the Infringing Marks in commerce, including in Connecticut, without Instagram's authorization in connection with Instag's goods and services, which directly compete with Instagram and are highly similar to the goods and services offered by Instagram.

62.     Instag's use of the Infringing Marks is likely to cause confusion, mistake, or deception among consumers, including those in Connecticut, as to the source, sponsorship, affiliation, or approval of Instag's goods and services.

63.     On information and belief, Instag's infringement has been and continues to be willful, wanton, and in bad faith.

64.     Instag's conduct has caused and, unless enjoined by this Court, will continue to

18

cause injury and irreparable harm to Instagram and to Instagram's goodwill in the INSTAGRAM Mark.

65.    Accordingly, Instagram is entitled to injunctive relief, actual damages, punitive damages, and costs under Connecticut common law governing unfair competition.

## SIXTH COUNTERCLAIM

## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

## (Conn. Gen. Stat. §§ 42-110a, *et seq.*)

66.    Instagram repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

67.    Instag is engaged in trade or commerce within the meaning of the Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. §§ 42-110a, *et seq.* ("CUTPA").

68.    Instag's conduct, as alleged herein, constitutes unfair methods of competition and unfair or deceptive acts or practices within the meaning of CUTPA.

69.    On information and belief, Instag's infringement has been and continues to be willful, wanton, and in bad faith.

70.    As a direct and proximate result of Instag's use of these and other unfair methods of competition and unfair or deceptive acts or practices, Instagram has suffered and will continue to suffer the ascertainable loss of money or property, including damage to its business, reputation, and goodwill.

71.    Instag's conduct has caused and, unless enjoined by this Court, will continue to cause irreparable harm to Instagram and to Instagram's goodwill in the INSTAGRAM Mark.

72.    Instagram therefore is entitled to recover actual damages, as well as punitive damages, injunctive and other equitable relief, costs, and attorney's fees under Conn. Gen. Stat. §

19

42-110g.

73.    A copy of this Complaint is being mailed to the Attorney General and the Commissioner of Consumer Protection of the State of Connecticut pursuant to Conn. Gen. Stat. § 42-110g(c).

## SEVENTH COUNTERCLAIM

## FEDERAL CYBERPIRACY

## (15 U.S.C. § 1125 (d))

74.    Instagram repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

75.    On information and belief, Instag is the registrant of the Infringing Domain.

76.    On information and belief, Instag first registered the Infringing Domain on or around November 11, 2024.

77.    On information and belief, the Infringing Domain first resolved to a website through which Instag provided image- and video-downloading services to users on or around December 5, 2024.

78.    On information and belief, Instag uses and traffics in the Infringing Domain.

79.    The Infringing Domain is confusingly similar to the INSTAGRAM Mark.

80.    On information and belief, Instag acquired the registration for and is using the Infringing Domain in a bad faith attempt to profit from it and cause confusion with Instagram and the INSTAGRAM Mark.

81.    On information and belief, Instag's registration and use of the Infringing Domain has been and continues to be willful and in bad faith.

82.    Instag's conduct has caused and, unless enjoined by this Court, will continue to

cause injury and irreparable harm to Instagram and to Instagram's goodwill in the INSTAGRAM Mark.

83.     Instagram is therefore entitled to statutory damages, actual damages, profits, and an order requiring the cancellation or transfer of the Infringing Domain to Instagram under 15 U.S.C. §§ 1117(a), 1117(d), and 1125(d)(1)(C).

## EIGHTH COUNTERCLAIM

## REFUSAL OF APPLICATIONS – SERIAL NOS. 99003998 AND 99473061

### (15 U.S.C. § 1119)

84.     Instagram repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

85.     Registration of U.S. Trademark Application Serial Nos. 99003998 and 99473061 for the INSTAG.COM and INSTAG marks is likely to dilute the famous INSTAGRAM Mark and to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Instagram's services, and to cause consumers to believe incorrectly that Instag's services are affiliated with, sponsored by, or associated with Instagram.

86.     Instagram would be irreparably harmed by registration of the Infringing Applications, including through loss of control over its INSTAGRAM Mark, injury to its goodwill and reputation, and consumer confusion.

87.     Accordingly, Instagram is entitled to an order pursuant to 15 U.S.C. § 1119 directing the Director of the USPTO to deny registration of the Infringing Applications with prejudice.

## PRAYER FOR RELIEF

**WHEREFORE**, Instagram respectfully prays that the Court enter judgment in its favor on each of its counterclaims and award Instagram relief including, but not limited to, the following:

1.      Adjudge that Instagram's INSTAGRAM Mark has been infringed by Instag in violation of Instagram's rights under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq., and/or Connecticut common law;

2.      Adjudge that Instagram's INSTAGRAM Mark has been diluted by blurring in violation of Instagram's rights under the Lanham Act, 15 U.S.C. § 1125(c);

3.      Order the Director of the USPTO to deny registration of U.S. Trademark Application Serial Nos. 99003998 and 99473061 with prejudice;

4.      Order Instag to take all reasonable steps to effectuate the transfer of the Infringing Domain to Instagram within seven days of entry of judgment;

5.      Order Instag and its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Instag, to immediately and permanently cease:

   a. Manufacturing, producing, sourcing, importing, selling, offering, distributing, advertising, or promoting any products or services that display any words or symbols that so resemble Instagram's INSTAGRAM Mark as to be likely to cause confusion, mistake, or deception, or dilute by blurring, including without limitation any product or service that bears the INSTAG or INSTAG.COM marks, or any other approximation of Instagram's trademarks;

22

b. Using INSTAG, INSTAG.COM, or any other word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Instag or its products or services with Instagram or as to the origin of Instag's products or services, or any false designation of origin, false or misleading description, or representation of fact, or any false or misleading advertising;

c. Further infringing or diluting the rights of Instagram in and to any of its trademarks or otherwise damaging Instagram's goodwill or business reputation;

d. Otherwise competing unfairly with Instagram in any manner; and

e. Continuing to perform in any manner whatsoever any of the other acts complained of in these Counterclaims;

6. Adjudge that Instag's actions were willful, deliberate, and malicious, and that this is an exceptional case within the meaning of 15 U.S.C § 1117;

7. Award Instagram all of Instag's profits related to its use of the Infringing Marks, as well as all actual damages suffered by Instagram or, if appropriate, nominal damages;

8. Enhance any award of damages and/or profits in favor of Instagram as permitted under applicable federal and state law;

9. Award Instagram punitive damages pursuant to § 42-110g of the Connecticut Unfair Trade Practices Act and Connecticut common law;

10. Award Instagram statutory damages based on Instag's cyberpiracy, in the amount of $100,000 per infringing domain name and order transfer of the Infringing Domain;

11. Award Instagram its costs and disbursements incurred in connection with this action, including Instagram's reasonable attorneys' fees and costs of suit;

23

12.     Award Instagram prejudgment and post-judgment interest; and

13.     Award Instagram such other relief as this Court deems just and proper.


DATED: April 27, 2026                    Respectfully submitted,



                                 By:    */s/ David R. Roth*
                                        David R. Roth (ct29876)
                                        **WIGGIN AND DANA LLP**
                                        One Century Tower
                                        265 Church Street
                                        New Haven, Connecticut 06510
                                        Telephone: (203) 498-4400
                                        Facsimile:  (203) 782-2889
                                        Email: droth@wiggin.com

                                        **KILPATRICK TOWNSEND & STOCKTON LLP**
                                        Dennis L. Wilson (*pro hac vice pending*)
                                        Kollin J. Zimmermann (*pro hac vice pending*)
                                        Daniel E. Gaitan (*pro hac vice pending*)
                                        1801 Century Park East, Suite 2300
                                        Los Angeles, California  90067
                                        Telephone: (310) 248-3830
                                        Facsimile: (310) 860-0363
                                        Email:  dwilson@ktslaw.com
                                                kzimmermann@ktslaw.com
                                                dgaitan@ktslaw.com

                                        H. Forrest Flemming, III (*pro hac vice pending*)
                                        100 Peachtree Street NE, Suite 2800
                                        Atlanta, GA 30309
                                        Telephone: (404) 815-6500
                                        Facsimile: (404) 815-6555
                                        Email: fflemming@ktslaw.com

                                        *Counsel for Defendant Instagram, LLC*

24